UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**CEDRICK PELLERIN ET AL**              **CASE NO.  6:20-CV-01380**

**VERSUS**                               **JUDGE ROBERT R. SUMMERHAYS**

**LAFAYETTE CONSOLIDATED**               **MAGISTRATE JUDGE CAROL B.**
**GOVERNMENT ET AL**                     **WHITEHURST**

## REPORT AND RECOMMENDATION

Before the Court is Motion to Dismiss pursuant to F.R.C.P. Rule 12(b)(6) filed on behalf of Lafayette Police Department ("LPD"). (Rec. Doc. 11). Plaintiffs did not oppose the motion. The Motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that LPD's Motion be granted.

Plaintiffs filed this suit pursuant to 18 U.S.C. §1983 after their son was allegedly shot by LPD officers. Plaintiffs sued LPD Chief Scott Morgan, Lafayette Consolidated Government, LPD, and several unnamed police officers. (Rec. Doc. 3). LPD filed the instant motion seeking dismissal on the grounds that it lacks the procedural capacity to be sued. Plaintiffs did not oppose the motion, and LPD's position is supported by ample jurisprudence. See e.g. *Broussard v. Lafayette City-*

*Par. Consol. Gov't*, 45 F. Supp. 3d 553, 571 (W.D. La. 2014) (citing cases); and *Brown v. Lafayette City-Par. Consol. Gov't*, No. CIV. 6:13-2436, 2014 WL 1217960, at *1 (W.D. La. Feb. 28, 2014) ("The undersigned has found no law, Constitutional, statutory, or otherwise, that confers upon the LPD the authority to sue or be sued, or that entitles it to function independently of the City of Lafayette.")

### Conclusion

For the reasons discussed herein, the Court recommends that Lafayette Police Department's Motion to Dismiss pursuant to Rule 12(b)(6) (Rec. Doc. 11) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds

of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 23rd day of September, 2021.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE